# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                                 **Case No. 10-CR-205**

**WILLIE McDANIELS**
    **Defendant.**

## SENTENCING MEMORANDUM

Defendant Willie McDaniels pleaded guilty to possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), and I ordered a pre-sentence report ("PSR") in anticipation of sentencing. Without objection, defendant's PSR set a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), then subtracted 3 levels for acceptance of responsibility under § 3E1.1, for a final level of 21, which, coupled with defendant's criminal history category of IV, produced an imprisonment range of 57-71 months.

Noting his compliance with bond and efforts at self-improvement, defendant at his initial sentencing hearing requested an adjournment of several months so that he could show himself deserving of a sentence served in the community. While making no promises as to the outcome, I put the matter over for five months, during which time defendant continued to pursue his education, abstain from illegal drug use, and follow the law and conditions of release. Based on this significant demonstration of post-offense rehabilitation, I imposed a sentence of probation with conditions.

### I. SENTENCING STANDARD

In imposing sentence, the district court considers the factors set forth in 18 U.S.C. §

3553(a), which include the nature and circumstances of the offense, the history and characteristics of the defendant, the needs of the public and any victims, the sentencing guidelines and policy statements, and the avoidance of unwarranted disparity. After considering these factors, the court must comply with the statute's parsimony provision – the "overarching command" of the statute, Kimbrough v. United States, 552 U.S. 85, 101 (2007) – and impose a sentence that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing, which are just punishment, deterrence, protection of the public, and rehabilitation of the defendant. See United States v. Johnson, 635 F.3d 983, 988 (7th Cir. 2011).

While the court must in making this determination give respectful consideration to the guidelines' recommendation, it may not presume that a guideline sentence is the correct one. Nelson v. United States, 555 U.S. 350, 352 (2009). Rather, after accurately calculating the advisory range so that it can derive whatever insight the guidelines have to offer, the district court must make an independent determination based on all of the § 3553(a) factors and "without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007); see also Gall v. United States, 552 U.S. 38, 49-50 (2007)

## II. DISCUSSION

### A. The Offense

On June 2, 2009, a confidential informant and undercover ATF agent met with defendant regarding a possible home invasion robbery. During the meeting, the informant asked to see defendant's gun, and defendant handed a 9 mm pistol to the agent, who read the

serial number. Defendant said he just got the gun and was going to "clean all the numbers off." He also talked about the person from whom he supposedly got the gun, stating that the person had other guns and bullet proof vests, including one with "ATF" written on the back. Despite this statement, later investigation revealed that defendant's girlfriend lawfully purchased the 9 mm pistol in March 2009 (according to her, because of threats from her violent ex-husband). Nor did the robbery ever proceed beyond talk; no target was ever identified, and law enforcement lost contact with defendant for several months. On October 5, 2009, the agent met with defendant and tried to buy the 9 mm pistol, but defendant stated that he no longer had it. A year later, the government obtained a felon in possession indictment, and defendant was arrested on November 8, 2010 following a traffic stop.

**B.    The Defendant**

At age twenty-nine, defendant had compiled a serious prior record, with several juvenile adjudications then adult convictions for substantial battery in 2001 and cocaine delivery in 2003. Released from prison in 2006, he was on extended supervision for the latter conviction when he committed the instant offense. Because he discharged from supervision prior to his arrest in this matter, he avoided revocation.

Despite the absence of his father, defendant described a good childhood with his mother. At age twelve or thirteen, he started getting into trouble, however, and was sent to Ethan Allen School. He eventually earned an HSED but otherwise behaved irresponsibly, fathering eight children with five different women, racking up substantial support arrears, working infrequently, and regularly using marijuana.

It was in this context that I considered defendant's recent, improved conduct. Defendant avoided further contact with law enforcement between October 2009 and his arrest in

3

November 2010.  Following positive drug tests in the early stages of this case, defendant adjusted well to pre-trial supervision, reporting as directed, submitting negative screens, and participating in drug treatment.  Following a lifetime of relative aimlessness, he found a job at a barbershop, then enrolled in a full-time program at Regency Beauty Institute, which he anticipated completing in April 2012, after which he planned to attend a one year management program at MATC with the goal of opening his own barbershop.  He also established and maintained a healthy relationship, with his girlfriend describing him as a caring person and dedicated father, including to her children from a previous relationship.  Defendant's girlfriend worked full-time and seemed to be a good influence.  She appeared and spoke on his behalf at sentencing.

**C.    The Sentence**

The guidelines recommended a substantial prison sentence.  However, under the particular facts of this case, I concluded that a probationary sentence sufficed to satisfy the purposes of sentencing.[1]

First, despite the circumstances of defendant's initial encounter with the ATF agent, I found that a sentence served in the community would not unduly depreciate the seriousness of the offense.  It appeared that the discussion of robbery was just talk, and the government confirmed that defendant's girlfriend lawfully purchased the firearm, thus permitting defendant access to a weapon.  While any possession of a firearm by a felon is serious, the record

---

[1] Defendant argued that the guidelines deserved less weight because of the manner in which U.S.S.G. § 2K2.1 "double-counts" an offender's prior record, including it in the offense level as well as the criminal history category.  I have discussed the flaws in U.S.S.G. § 2K2.1 elsewhere, see United States v. Fogle, 694 F. Supp. 2d 1014, 1017-18 (E.D. Wis. 2010), and need not reiterate them here.  The sentence in this case was supported by the particular facts discussed in the text.

4

contained no substantial evidence of a plan to actually use the gun. Under the circumstances, a sentence of probation with a lengthy period of home confinement sufficed to provide just punishment.

Second, while defendant's prior convictions were a concern, he committed these offenses at the ages of eighteen and twenty, and his conduct over the past two years indicated that he presented little threat to the public going forward and was a good candidate for supervision. He avoided contacts with the law between October 2009 and November 2010, a period of time when no charges were pending, then, following his indictment, adjusted well to pre-trial supervision, found work, abstained from drug use, and furthered his education. This is the type of progress courts should encourage rather than interrupt. As I warned defendant at sentencing, violation of any conditions of probation could lead to revocation and imposition of any sentence originally available – up to 10 years in prison – a sufficient deterrent to future crimes.

### III. CONCLUSION

For these reasons and those stated on the record, I placed defendant on probation for a period of four years with a condition of 6 months home confinement. I further required him to participate in a program of drug testing and treatment; provide access to financial information; attend to his child support obligations; and participate in a mental health treatment program. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5